Honorable Bill Hinkle Chair, Municipal Research Council 2601 Fourth Avenue, Suite 800 Seattle, Washington 98121-1280
Dear Representative Hinkle:
By letter previously acknowledged, you have asked for an opinion on the following question, which we have paraphrased for clarity:
 Three Washington cities in Yakima County also lie within the Yakama Indian Reservation. The Environmental Protection Agency directly administers the federal clean air laws within the reservation, while Washington State administers federal clean air laws in those parts of the state which are not within Indian reservations. In light of these facts, are cities lying within the reservation liable for assessments to the Yakima Regional Clean Air Authority under RCW 70.94.091 and .093?
 BRIEF ANSWER
We answer your question in the affirmative: Cities lying within Indian reservations are subject to assessment for the expenses of a clean air authority in which they are component cities.
 ANALYSIS
Air pollution control authorities are special purpose local government bodies created in each county of the state. RCW 70.94.053(1). The boundaries of a single county authority are coextensive with the boundaries of the county within which the authority is located and includes "all incorporated and unincorporated areas of the county within which it is located." Id. [original page 2] Contiguous counties may join in forming a multi-county authority. RCW 70.94.057. Although there is an authority in each county, each authority remains inactive unless the county legislative body activates its authority by a procedure set forth in statute. RCW 70.94.055. All other authorities are designated as "inactive authorities." RCW 70.94.053(3). Each active authority is governed by a board of directors selected in the manner set forth in statute. RCW 70.94.100. The powers and duties of an air pollution control authority are described in a number of statutes, mostly codified in RCW 70.94, but are basically set forth in RCW 70.94.141, including:
 • Adopting and enforcing rules implementing the air pollution laws;
 • Requiring access to records and other information relating to the release of air contaminants into the atmosphere;
 • Securing necessary scientific, technical, administrative, and operational services, by contract or otherwise;
 • Developing comprehensive plans for the prevention, abatement, and control of air pollution;
 • Conducting educational and training programs relating to air pollution; and
 • Consulting and cooperating with local, state, and federal agencies in matters relating to air pollution.
The statutes contemplate that air pollution control authorities will be largely funded by state government. RCW 70.94.092. However, authorities also have access to certain local funding. If the voters approve, an authority may levy a property tax on the assessed value of property located within the jurisdiction. RCW 70.94.091. Authorities are also authorized to assess the cities, towns, and counties located within their jurisdiction for "supplemental income." RCW 70.94.092. Each "component city or town" within the authority's territory pays a proportion of "supplemental income" based on (1) the assessed valuation of the territory within the city or town, (2) on the total population of the city or town, or (3) on a combination of these two factors. RCW 70.94.093.
Your question concerns the applicability of these statutes to the Yakima Regional Clean Air Authority (YRCAA), an activated authority whose jurisdiction is coterminous with Yakima County.[1] As you note, a portion of the territory in Yakima County is also located within the boundaries of the Yakama Indian Reservation, a federally recognized reservation set aside as a homeland for the Yakama Indian Nation. The Yakama Reservation contains large areas which are substantially owned by persons who are not members of the Yakama Nation. These areas contain agricultural, commercial, and residential developments. Indeed, as you note, three cities incorporated under Washington law (Harrah, Toppenish, and Wapato) are located entirely within the boundaries of the reservation. Although Indian reservations are "considered part of the territory of the State" (Nevada v. Hicks, 533 U.S. 353, 361-62,121 S. Ct. 2304, 150 L. Ed. 2d 398 (2001) (citations omitted)), the jurisdictional status of these lands is very complex and has[original page 3] been the subject of litigation on several occasions, including decisions of the United States Supreme Court. See,e.g., Brendale v. Conf'd Tribes and Bands, 492 U.S. 408,109 S. Ct. 2994, 106 L. Ed. 2d 343 (1989).
As your opinion request notes, there is question concerning the enforcement of air pollution laws within the Yakama Reservation. The Environmental Protection Agency (EPA) (the federal agency which administers federal air pollution laws and other federal environmental legislation) takes the position that state and local air quality agencies lack authority to enforce civil regulations uniformly within the reservation and, therefore, the EPA directly administers the federal air pollution laws within the reservation.[2] In light of that fact, you suggest that the YRCAA performs no functions or services within the reservation and therefore should not be able to assess cities located within the reservation for YRCAA's "supplemental" expenses.
Whatever the legal status of air pollution law within an Indian reservation, we conclude that this has no effect on a city's liability for assessment for the expenses of an air pollution control authority whose jurisdiction includes the city. An air pollution control authority's jurisdictional boundaries are coextensive with the boundaries of the county. RCW 70.94.030(5), .053(1). The statutes contain no provision for an authority whose jurisdiction excludes territory which is also within an Indian reservation (or, indeed, any other exception to the "whole county" status of such authorities).
The statutes concerning local funding for air pollution authorities are similarly unambiguous. RCW 70.94.091 permits an authority to levy an excess property tax "when authorized so to do by the electors of such authority by a three-fifths majority". The "electors" of YRCAA would include all the county residents who live within the Indian reservation, certainly including the voters in cities located within the exterior boundaries of the reservation. Again, RCW 70.94.093, permitting and describing the assessment of cities and counties for "supplemental income" to the authority, speaks of assessing "each component city or town" and contains no language excluding cities or towns located within a reservation.
Where the meaning of a statutory provision is plain on its face, the courts give effect to that plain meaning as an expression of legislative intent. City of Olympia v. Drebick, 156 Wn.2d 289, 126 P.3d 802 (2006);Sheehan v. Cent. Puget Sound Reg'l Transit Auth., 155 Wn.2d 790,123 P.3d 88 (2005). RCW 70.94 is clear and unambiguous in providing that an air pollution control authority's jurisdiction is coterminous with that of the county and that each and every city or town within the county is subject to assessment for "supplemental income" as described in RCW 70.94.093. Each of the cities in question here was incorporated under state law, administers state laws and regulations, and is fully subject to state law. Therefore, the fact that [original page 4] the cities are also located within an Indian reservation does not change their status as "constituent cities" of their local air pollution control authority.
While we think the plain language of the statutes is sufficient to answer your question, we also observe that the argument for "non-assessment" appears to be based on a faulty premise. The faulty premise is that the assessments under RCW 70.94.093 are "service fees" charged by the air pollution control authority for services rendered and therefore should somehow be proportional to the "level of service" provided for a particular jurisdiction. The charges in question are not voluntary and do not arise out of a contract to perform services for the cities. They are simply part of the legal structure of local government and represent the Legislature's policy choice as to how to administer and fund RCW 70.94. Finally, we note that air, whether clean or polluted, does not respect any particular legal jurisdictional boundary. Thus, all of the cities within a county derive benefit from the activities of their local air pollution control authority.
We trust the foregoing will be of use.
Sincerely,
 ROB MCKENNA Attorney General.
 JAMES K. PHARRIS Deputy Solicitor General
:pmd
[1] This opinion is intended as a general analysis of the law throughout the state and not as a comment on the specific powers and duties of YRCAA. Since the situation in YRCAA prompted your question, we refer to it as an illustration of the general analysis we have adopted.
[2] We express no opinion here as to whether and to what extent various federal, state, and local regulations apply to people and to lands within an Indian reservation. We understand that the EPA directly administers federal air pollution laws within the Yakama Reservation, but we express no opinion here as to whether this function could have lawfully been delegated to the state. Washington State has generally asserted that state and local environmental regulations apply within reservations, especially as to those lands which are owned in fee simple by persons not members of the reservation tribe. The law remains uncertain in many of these areas.